IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Robert Lee Foster, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 9:21-cv-3332-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Warden of Livesay Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Robert Lee Foster, a state prisoner proceeding *pro se*, has filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging his May 21, 2008 conviction in Spartanburg County, South Carolina. (ECF No. 1-2). On October 8, 2015, this court dismissed Petitioner's first habeas challenge to the same May 21, 2008, conviction. *See Foster v. Reynolds*, No. 9:14-cv-3853-TMC, 2015 WL 5920736, at *2 (D.S.C. Oct. 8, 2015) (granting summary judgment to Respondent and dismissing petition), *appeal dismissed*, 640 Fed. App'x 258 (4th Cir. Apr. 4, 2016), *cert. denied*, 137 S. Ct. 645 (2017). In August 2017, Petitioner filed another § 2254 petition again challenging his May 21, 2008 conviction; the court found that the petition was successive and that Petitioner had not received authorization to file a successive petition from the Fourth Circuit Court of Appeals. *See Foster v. Warden of Tyger River Corr. Inst.*, No. 9:17-cv-2083-TMC, 2018 WL 451721, at *1 (D.S.C. Jan. 17, 2018) (dismissing petition as successive).

Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Petitioner's petition be summarily dismissed as successive and without requiring Respondent to file a return on the grounds that Petitioner failed to obtain permission

from the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). (ECF No. 11 at 5).[1]  Petitioner has filed objections to the Report. (ECF No. 15).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).  "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g., Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

2

erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

In his objections, Petitioner simply restates the arguments set forth in his petition and wholly fails to address the grounds for the Report's recommendation that his petition be dismissed as successive. (ECF No. 15). The court has carefully considered the Report and the materials before it and concludes that the magistrate judge correctly stated the applicable legal principles, agrees with the findings, conclusions and recommendations set forth in the Report, overrules Plaintiff's objections (ECF No. 15), and adopts the Report (ECF No. 11) and incorporates it herein. Accordingly, the court **DISMISSES** the instant habeas petition (ECF No. 1-2) without prejudice and without requiring Respondent to file a return.[2]

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

/s/Timothy M. Cain
United States District Judge

---

[2] Petitioner's motion for emergency release (ECF No. 17), which the court construes as supplemental objections, likewise affords no basis for relief under § 2254 and is hereby **DENIED**.

Anderson, South Carolina
May 5, 2022

4